IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:09-00158

KEVIN L. ROBINSON
    also known as "KK;"and
JASON P. BELCHER
    also known as "Biz"

**MEMORANDUM OPINION AND ORDER**

Pending are motions by Defendants Robinson and Belcher to preclude the government from introducing evidence of "other bad acts" pursuant to Federal Rule of Evidence 404(b).  *See* Docs.128, 204, and 310.  Both Defendant Robinson and Defendant Belcher seek to exclude evidence of prior convictions for drug offenses.  Defendant Belcher also seeks to exclude evidence of drug related activity that occurred after the period of the conspiracy alleged in the indictment.

Rule 404(b) of the Federal Rules of Evidence provides,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

"Because the rule recognizes the admissibility of prior crimes, wrongs, or acts, with only the one stated exception," it is interpreted in the Fourth Circuit to be a "rule of inclusion." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997). Rule 404(b), however, only encompasses acts extrinsic to the crime charged. *See United States v. Chin*, 83 F.3d 83 (4th Cir. 1996). If other acts are "inextricably intertwined or . . . part of a single criminal episode," then they are intrinsic to the crime charged and not subject to the Rule 404(b) analysis.

Here, evidence of prior convictions has some probative value for purposes other than to show action in conformity with character. For example, it could be used to show the absence of mistaken or innocent involvement in the distribution of controlled substance or to show knowledge relevant to controlled substances or their distribution. They are therefore admissible under the Fourth Circuit Court of Appeals's interpretation of Rule 404(b).

The drug related activity of Defendant Belcher occurring outside the conspiracy time-frame identified in the indictment is nonetheless intrinsic to the crime charged and therefore admissible without regard to a 404(b) analysis. It grew out of the conspiracy and is both "inextricably intertwined" with acts of the conspiracy and part of the same "single criminal episode." Moreover, it is of significant probative value and would be admissible even if subjected to a 404(b) analysis. It shows knowledge of drug distribution methods, intent to participate in drug related activity, motive and plan relevant to the conspiracy.

Having determined that these acts are admissible either under Rule 404(b) or as intrinsic to the crimes charged, the Court must still examine their admissibility under Rule 403 of the Federal Rules of Evidence. Under Rule 403,

> relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of

> unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Here, the Court concludes that evidence of prior convictions must be excluded under Rule 403. As noted above, this evidence does have some permissible probative value. This value, however, is substantially outweighed by the danger of unfair prejudice. If admitted, there would exist a high risk that the jury would improperly use this evidence and consider the crimes charged as consistent with the character of each Defendant. To the extent they sought to exclude this evidence Defendants' motions (Docs.128, 204, and 310) are **GRANTED.**

The Court reaches a different conclusion when analyzing the post-conspiracy acts of Defendant Belcher. As described above, these acts are highly probative, and indeed intrinsic to the crimes charged. Any prejudice that might exist is outweighed by the probative value of this evidence. To the extent Defendant Belcher seeks to exclude this evidence, his motions (Docs.128 and 204 are **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

    ENTER:    March 15, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE